1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | **CASE NO. 1:10-cv-02089-LJO-SKO** |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| v. | (Doc. No. 13) |
| CECILIA TOLENTINO, dba D' GOURMET FILIPINO CUISINE | **ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| Defendant. | (Docket No. 11) |

_____/

## I.   INTRODUCTION

J & J Sports Productions, Inc. ("Plaintiff") seeks default judgment against Cecilia Tolentino, individually and doing business as D'Gourmet Filipino Cuisine ("Defendant"). (Doc. 11.) Defendant seeks to have the entry of default set aside by the Court.  (Doc. 13.)  The matter came on regularly for hearing on May 4, 2011.  Mr. Thomas Riley appeared telephonically on behalf of Plaintiff and Mr. Daniel Richardson appeared telephonically on behalf of Defendant.

For the following reasons, Defendant's motion to set aside entry of default is GRANTED. As a result, Plaintiff's motion for entry of default judgment (Doc. 11) is DENIED AS MOOT.

**II. BACKGROUND**

Plaintiff filed this action on November 9, 2010, against Defendant Cecilia Tolentino, dba D'Gourmet Filipino Cuisine.  (Doc. 1.)  The complaint alleges violations of 47 U.S.C. §§ 605 and 553, as well as causes of action for conversion and for violation of California Business and Professions Code section 17200, *et. seq.*  The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of *"Firepower": Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program* (the "Program"), a fighting match that took place and was broadcast on November 14, 2009. (Doc. 1, ¶ 9.)  According to the complaint, Plaintiff had the proprietary rights to distribute the Program.  (*Id.*)

On January 26, 2011, Plaintiff filed an executed summons indicating that Defendant Cecilia Tolentino was personally served with process on January 14, 2011.  (Doc. 5.)  A response to the complaint was due on February 4, 2011, but Defendant failed to file any response.  On February 9, 2011, pursuant to Plaintiff's request, the Clerk entered Defendant's default.  (Doc. 9.)  On March 9, 2011, Plaintiff filed a motion for default judgment against Defendant.  (Doc. 11.)  On March 30, 2011, Defendant filed a motion to set aside the entry of default against her.  (Doc. 13.)  These motions are currently pending before the Court.

**III. DISCUSSION**

**A.    Defendant's Motion to Set Aside the Entry of Default**

      **1.    Legal Standard**

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).  To determine whether good cause exists, the court must consider whether: (1) the defaulting party engaged in culpable conduct that led to the default; (2) the defaulting party has no meritorious defense; or (3) whether reopening the default would prejudice the other party.  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* (*"Mesle"*), 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)).  This is the same standard used for determining whether a default judgment should be set aside under Rule 60(b).  *Id.*  The good cause test is disjunctive, "such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

2

In considering these good cause factors, the Ninth Circuit instructs that the court is to be guided by the underlying policy concern that "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

## 2. Analysis

### a. Defendant's Conduct is Not Culpable

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber* (*"TCI Group"*), 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (citations omitted). Further, actions may be found culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

A neglectful failure to answer where the defendant offers a credible, good faith explanation "negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' under [the Ninth Circuit's] default cases . . . . " *Id; Mesle*, 615 F.3d at 1092 ("movant cannot be treated as culpable simply for having made a conscious choice not to answer").

While the executed summons filed by Plaintiff indicates that Defendant was personally served on January 14, 2011, Defendant disputes that service was effected on that date and contends she was not personally served until January 21, 2011. (*See* Doc. 13-2,    ¶¶ 6 -7.) Defendant provides the following declaration regarding the timing of the service of process:

> 6.   While I was in my new home unpacking household goods on January 14, 2011, I heard someone knocking at the garage door as I have a locked gate and fence in front of my front door. Looking through a window, I could see a woman there, but it was nobody that I knew, so I presumed it was a door-to-door sales person so I ignored the knocking and continued about my business, and the person soon departed.

> 7.   At about 11:00 AM on January 21, 2011, I heard a person knocking on a window, but this time the person started pounding on my window. She pounded on the window so loud that it caused by hear to rapid palpitation [sic]. I approached the window to investigate hoping that it wasn't a home invasion robbery attempt. I noticed that it appeared to be the same lady who had pounded on my garage door the previous week, so I opened the door to find out what the pounding was all about.

8.      When I opened the door, she asked who I was and when I said my name, she handed me an unsealed envelope that I later discovered had the summons and complaint in it.  When I asked her what was in the envelope, she said she had no idea what those papers were all about.

9.      I was surprised to see that the papers were a lawsuit filed by the same attorney that I talked to several months previously and had denied all of his allegations both verbally and in writing.

10.     Nonetheless, I started looking for an attorney and engaged my present attorney to represent me on February 3, 2011.  He asked me the date I was served with the papers and I told him January 21, 2011.  My attorney said he would file an Answer to the complaint on or before February 10, 2011[,] as this would be 20 days from the date of service.

(Doc. 13-2, ¶¶ 6-10.)

Plaintiff asserts that Defendant's conduct in failing to timely answer was culpable for several reasons.  First, Defendant retained counsel "around" February 3, 2011, and indicated to her attorney that she had been served with the complaint on January 21, 2011.  Defendant's counsel, without checking the electronic docket for a filed copy of an executed summons, determined that a response to the complaint was due on or before February 10, 2011.  Had Defendant's counsel reviewed the ECF docket at the time he was retained, he would have discovered the executed summons filed on January 26, 2011, indicating Defendant was served on January 14, 2011.  (Doc. 3.)  Second, Defendant's counsel's negligence was compounded because, beyond failing to check the docket when he was retained, counsel discovered the executed summons on February 9, 2011, purportedly made an unsuccessful attempt to contact Plaintiff's counsel to seek an extension of time to file a response, and then did nothing until March 30, 2011, when Defendant's counsel filed a motion to set aside – which, pursuant to the local rules, was inadequately noticed for hearing.

Assuming Defendant was served on January 14, 2011, as the executed summons reflects, her response to the complaint was due on February 4, 2011.  She retained counsel on February 3, 2011.  Had Defendant's counsel immediately checked the ECF docket or contacted opposing counsel, he might have been able to obtain a stipulation for more time – particularly under the local rules of this district that allow the parties to stipulate to one extension of time amounting to not more than 28 days and to file the stipulation without an order of the court.  Local Rule 144(a).  Failure to check the ECF docket sooner and attempt to obtain such a stipulation, while careless on the part of

4

Defendant's counsel, does not exhibit a devious or bad faith intent.

Defendant's counsel, after discovering that the response to the complaint was overdue (according to the executed summons) when he checked the ECF docket on February 9, 2011, and after finding that an entry of default was requested on February 9, 2011, delayed another seven weeks before filing a motion to set aside the entry of default. Moreover, the motion to set aside the entry of default was filed on March 30, 2011, weeks after Plaintiff filed a motion for default judgment on March 9, 2011. Defendant's counsel provided a supplemental declaration on May 9, 2011, explaining the reasons for the delay in filing a motion to set aside the default. (Doc. 17.) Mr. Richardson explained that, once he determined that a default had been entered, he requested additional documents from his client, began drafting an answer to the complaint, ascertained additional facts regarding service of process, and drafted the motion to set aside. Mr. Richardson also stated that a backlog of other work and litigation commitments hampered his ability to file the motion to set aside more quickly. (Doc. 17, ¶¶ 5-13.)

In response to Mr. Richardson's supplemental declaration, Plaintiff asserts that Mr. Richardson's explanation that the motion to set aside was delayed in part by a backlog of other work does not constitute excusable neglect.

The Ninth Circuit precedent is clear that even attorneys who are aware of a case deadline are not necessarily culpable when the deadline is missed. To exemplify the proper culpability standard, in *TCI Group,* the Ninth Circuit discussed its holding in *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000), where an attorney "left the country for a family emergency, missed the deadline to answer a motion for summary judgment while he was away, and did not contact the district court or opposing counsel until 16 days after his return to work because it took that long for him to recover from his trip and sort through is mail." *TCI Group*, 244 F.3d at 698. The district court granted summary judgment and denied Bateman's motion for relief under Rule 60(b)(1).

On appeal, the Ninth Circuit reversed the district court's denial of Bateman's Rule 60(b)(1) motion finding the attorney's reasons for the delay "weak," but not the result of "deviousness or willfulness." *Bateman*, 231 F.3d at 1225. For purposes of applying the culpability standard, the *TCI Group* court found the holding in *Bateman* noteworthy because the attorney knew that the summary

judgment motion response was due while he was away, yet did nothing about obtaining an extension, and this still did not preclude a finding of "excusable neglect" because the lawyer was found to have acted in good faith, without prejudice to the opposing party, and with minimal delay or impact on the judicial proceedings. *TCI Group*, 244 F.3d at 698.

The Court is mindful that wide discretion is afforded when considering a motion to set aside an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). Further, any doubt should be resolved in favor of setting aside the default so that the case may be decided on its merits. *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). Leniency in setting aside a default is especially appropriate if the attorney failed the client. *Girlsongs & Warner Bros., Inc. v. Starkey*, 108 F.R.D. 275, 277 (N.D. Cal. 1984). While the Court finds that there was additional delay by Defendant's counsel in filing the motion to set aside, Mr. Richardson has explained the delay, and there is no evidence that it was the result of a devious or bad faith attempt to manipulate Plaintiff or subvert the judicial process – the Ninth Circuit standard for determining the existence of culpable conduct. *TCI Group,* 244 F.3d at 697; *Mesle*, 615 F.3d at 1092.  As a result, despite a delay in filing the motion to set aside, the Court finds that Defendant's conduct in failing to timely answer the complaint is not culpable.

### b.    Defendant Alleges a Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700).  Stated in other words by the D.C. Circuit: "Likelihood of success is not the measure.  Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegal v. Key West & Carribean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)).

Defendant provides a declaration stating that the fight program that Plaintiff alleges was shown at Defendant's business establishment was not displayed there:

12.     I believe I have a just and complete defense to the Complaint filed herein for the following reasons: It would have been impossible for my restaurant to receive and display the alleged promotion since the restaurant did not have a cable subscription at the alleged time.  I have no place to put on such a display in the restaurant, I had no display equipment and this is not the type of event that I would put on in my quiet restaurant in any case.  I had advised Mr. Riley of all these facts in advance, yet he filed the lawsuit anyway.

(Doc. 13-2, ¶ 12.)

At this stage, the Court finds that Defendant's contentions establish a meritorious defense.  Defendant has no obligation to prove her contentions to establish a meritorious defense for purposes of being relieved from an entry of default.  While Plaintiff contends that Defendant's factual contentions are inconsistent with the declaration and photographs of its investigator – particularly photographs showing the business had televisions on display – whether Defendant's factual allegations are true is a matter that will be considered later in the litigation.  *TCI Group*, 244 F.3d at 700.  Moreover, the mere fact that televisions were located in Defendant's business is not irrefutable proof that the televisions were equipped to display the Program.

### c.     There is No Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."  *TCI Group*, 244 F.3d at 701.  "[T]he standard is whether [a plaintiff's] ability to pursue his claim will be hindered."  *Falk*, 739 F.2d at 463.  Defendant asserts that there is no prejudice to Plaintiff because Plaintiff's counsel was aware of the disputed date of service and that Defendant wanted to respond to the complaint in advance of filing the request for entry of default.  (Doc. 13-1, ¶ 17.)   This is inapposite to whether Plaintiff's ability to pursue its claim will be hindered.

While the burden of showing that Plaintiff is not prejudiced by the default is on the shoulders of the Defendant, establishing a negative proposition is quite difficult.  *See generally United States v. Newman*, 144 F.3d 531, 543 n.13 (7th Cir. 1998) ("We certainly recognize the difficulty in proving a negative proposition.")  This difficulty, in concert with the preference for granting motions to set aside so that disputes may be adjudicated on their merits, indicates that the burden of showing a lack of prejudice is fairly light.  *See TCI Group*, 244 F.3d 691 (other interests "should give way fairly readily, to further the competing interest in reaching the merits of a dispute").  As a general

7

proposition, short delays are often not going to be prejudicial.  Potential prejudice to the plaintiff increases where the motion to set aside is filed long after the response is due because it increases the chance that witnesses' memories will fade or that discovery will disappear or be destroyed.

While the plaintiff does not have the burden of establishing prejudice, the plaintiff is often in the best position to explain how a delay will be prejudicial.  Plaintiff asserts that there is a possibility of increased difficulties relating to discovery and a loss of evidence.  To support this, Plaintiff asserts that Defendant noted an incorrect date of service and stated that she had no way to display the Program despite the fact that there were photographs of televisions in her business on the night the Program was allegedly shown.  While the connection between these facts and the asserted potential for prejudice is unclear, the Court notes that the complaint was filed on November 9, 2010, but service was not accomplished until two months later.  A two-month delay in service of the complaint indicates that, absent other factors showing that time is of the essence, a seven-week delay in responding to the complaint is not prejudicial to Plaintiff's ability to litigate its case.

**B.      Plaintiff's Motion for Default Judgment**

In light of the Court's order granting Defendant's motion to set aside the clerk's entry of default, Plaintiff's motion for default judgment is denied as moot.  Further, as Defendant has now appeared, the strong policy favoring merits-based decisions weighs heavily against a default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).[1]

///
///
///
///
///
///

---

[1] The Court also notes that other *Eitel* factors weigh against default judgment, including the large amount of money alleged to be at stake, as Plaintiff is requesting a significant statutory damage award.  Further, Defendant's default amounts to excusable neglect, and there are disputed issues of material fact.

**IV.   CONCLUSION**

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court ORDERS that:

1.      Defendant's Motion to Set Aside the Entry of Default is GRANTED; and

2.      Plaintiff's Motion for Default Judgment is DENIED as MOOT.


IT IS SO ORDERED.

**Dated:    May 19, 2011**                         _____/s/ Sheila K. Oberto_____
                                                                UNITED STATES MAGISTRATE JUDGE

9