# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. 1:10-cv-02089-LJO-SKO |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO AMEND THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15** |
| v. | |
| CECILIA TOLENTINO, individually and dba D' GOURMET FILIPINO CUISINE, | (Docket No. 25) |
| Defendant. | |

## I. INTRODUCTION

On October 14, 2011, Defendant Cecilia Tolentino, individually and dba D' Gourmet Filipino Cuisine ("Defendant") filed a Motion for Leave to Amend Pleadings pursuant to Federal Rule of Civil Procedure 15. (Doc. 25.) On October 21, 2011, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed a Statement of Non-Opposition to Defendant's motion. (Doc. 26.) After review of the papers, this motion was deemed suitable to take under submission pursuant to Local Rule 230(g), and thus the hearing set for November 16, 2011, has been VACATED.

For the reasons set forth below, Defendant's motion to amend the pleadings pursuant to Rule 15 is DENIED without prejudice and with leave to refile a motion to join a third party consistent with the Court's order.

## II. BACKGROUND

On November 9, 2010, Plaintiff filed a complaint against Defendant alleging violations of 47 U.S.C. §§ 605 and 553, as well as causes of action for conversion and for violation of the California Business and Professions Code section 17200, *et. seq.* The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of *"Firepower": Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program* ("Program"), telecast nationwide on Saturday, November 14, 2009.

Defendant failed to timely answer the complaint and her default was entered. Thereafter, Defendant filed a motion to set aside the entry of default, which was granted on May 19, 2011. (Doc. 19.)[1] A scheduling order was issued on July 15, 2011. (Doc. 24.) On October 14, 2011, Defendant filed a motion seeking to amend the pleadings to join a third-party pursuant to Federal Rule of Civil Procedure 15. (Doc. 25.)

Defendant's restaurant is operated inside a "Food Court" in Bakersfield, California. (Doc. 25-2, ¶ 1.) According to Defendant, at the time Plaintiff alleges Defendant unlawfully exhibited the Program at her restaurant, it was impossible for her to do so because the restaurant did not have a cable subscription, there was no equipment to display the Program, and the Program was "not the type of event that [she] would put on in [her] quiet restaurant in any case." (Doc. 25-2, ¶ 2.) During the course of discovery, Defendant inquired with other Food Court owners and "found out by word of mouth" that George Molayem, the Food Court owner, had exhibited the Program at a time when Defendant's restaurant was closed. (Doc. 25-2, ¶ 3.) Defendant seeks to join Mr. Molayem as a party and proposes to state claims against him for implied contractual indemnity and implied equitable indemnity. (Doc. 25-5.) In her proposed "Cross-Claim," Defendant asserts that any damages arising from Plaintiff's claims are "the result of the acts or omissions of [Mr. Molayem]." (Doc. 25-5, ¶¶ 8, 12.)

---

[1] Following the Court's order granting Defendant's motion to set aside the entry of default, Defendant failed to formally file the proposed answer to the complaint. The Court therefore deems filed, as of May 19, 2011, the proposed answer submitted in support of Defendant's motion to set aside default. (Doc. 13-2, Exhibit A.)

On October 21, 2011, Plaintiff filed a statement of non-opposition to Defendant's motion. (Doc. 26.)

### III.  DISCUSSION

**A.     Defendant's Motion to Amend the Pleadings Pursuant to Rule 15**

Rule 15 is not the appropriate procedural vehicle by which a defendant may join other parties to a lawsuit. *See generally Lincoln Prop. Co., v. Roche*, 546 U.S. 81, 90 ("'In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.'" (quoting Moore et al., Moore's Federal Practice § 107.14[2][c], p. 107-67 (3d ed. 2005))).  As an initial matter, the Court cannot grant Defendant's motion pursuant to Rule 15, as Rule 15 does not encompass situations where a <u>defendant</u> wishes to join parties to the litigation.

Here, it appears that Defendant is seeking to implead third-party George Molayem.  In support of her motion, Defendant submitted a proposed "Cross-Claim" against Mr. Molayem alleging claims for implied contractual indemnity and implied equitable indemnity. (Doc. 25-5.) Defendant asserts that she leases space for her business in a Food Court operated by Mr. Molayem. (Doc. 25-5, ¶ 7.)  Under the terms of the lease, Mr. Molayem allegedly promised "an environment free of liability caused by his own actions or those of other tenants of the Food Court." (Doc. 25-5, ¶ 7.)  According to Defendant, "[i]mplied by the contract entered into between [Defendant] and [Mr. Molayem] is the obligation of [Mr. Molayem] to defend, indemnify and hold harmless [Defendant] from the allegations of Plaintiff in its Complaint." (Doc. 25-5, ¶ 9.)  Based on these allegations, it appears that Defendant is attempting to implead a third party pursuant to Rule 14 which provides in pertinent part:

> [a] defendant party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

When the third-party complaint in impleader is not asserted within the time allotted by the Federal Rules, it is within the court's discretion to permit leave to file the third-party complaint. *See*

3

*Irwin v. Mascott*, 94 F. Supp. 2d 1051, 1056 (N.D. Cal. 2000); *see also Sw. Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (decision to permit a third-party claim under Rule 14 is left to the sound discretion of the trial court and will not be over turned absent an abuse of discretion). Leave to file a third-party complaint is liberally granted to further the underlying policy interest of reducing a multiplicity of litigation. *FDIC v. Loube*, 134 F.R.D. 270, 272 (N.D. 1991) (citing *Sw. Admin., Inc.*, 791 F.2d at 777).

In determining whether to allow a third-party complaint to be filed, courts will typically balance the policy of liberally allowing third-party practice with the possibility of prejudice to the plaintiff and the third-party defendant, the complication of the issues at trial posed by the third-party complaint, the merits of the third-party complaint, and any additional costs that might be incurred by the parties as the result of the third-party complaint. *Irwin*, 94 F. Supp. 2d at 1056.

Due to ambiguity in the papers filed in support of Defendant's motion, it is not entirely clear whether impleader under Rule 14 is appropriate. As explained above, on its face, the proposed Cross-Claim appears to be a third-party complaint for indemnity under Rule 14. In Defendant's counsel's declaration, however, Mr. Richardson asserts that it was Mr. Molayem's "acts or omissions" which caused the alleged damages to Plaintiff. (Doc. 25-5, ¶¶ 8, 12.) Defendant claims that it is "most likely" Mr. Molayem who is responsible for the acts alleged by Plaintiff. (Doc. 25-3, ¶ 3, Richardson Decl.) Impleader is limited to claims against third parties that are derivatively based on the original plaintiff's claim. *See United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). Thus, Defendant cannot use impleader to avoid liability to Plaintiff by claiming a third party is *solely* responsible for Plaintiff's damages. *Id.* To the extent Defendant is asserting that Mr. Molayem is solely responsible to Plaintiff for the alleged acts, impleader under Rule 14 on that basis is not proper.

Moreover, even assuming Defendant intended to request to file a third-party complaint under Rule 14 and that the proposed Cross-Claim asserts an appropriate claim in impleader, the pleading is deficiently pled as a "Cross-Claim" rather than a third-party complaint, and the motion to serve and file the third-party complaint is incorrectly made under Rule 15. To the extent that Defendant is requesting to file a third-party complaint under Rule 14, the motion must be made pursuant to Rule

14, and the proposed third-party complaint must use the correct language so as to provide the third-party defendant notice of the procedural posture of the pleading.[2]

### IV.   CONCLUSION

For the reasons stated above, Defendant's motion to amend the pleadings pursuant to Federal Rule of Civil Procedure 15 is DENIED without prejudice to refiling the motion.

IT IS SO ORDERED.

Dated:   **November 14, 2011**             /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] "The defending party who institutes impleader is called the *third-party plaintiff*. The nonparty joined by impleader is called the *third-party defendant*. The pleading asserting the impleader claim is called the *third-party complaint*." 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 14.02 (3d ed. 2011).

5