# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 1:10-cv-02089-LJO-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR AN ORDER APPOINTING A REGISTERED PROCESS SERVER** |
| v. | |
| | (Doc. 59) |
| CECILIA TOLENTINO, et al, | |
| Defendants. | |

## I. INTRODUCTION

On April 29, 2014, Plaintiff filed a request for an order appointing a registered process server to execute the judgment entered against Defendants on December 18, 2012. (Doc. 59.) Plaintiff's ex parte request is made pursuant to "Rule 4(c) of the Federal Rules of Civil Procedure of the United States District Court for the Central District of California." (Doc. 59.) The request states that "Rezak Meyer Attorney Service, a Registered Process Server and not a party to this action," should be authorized and appointed to serve the writs in this case. (Doc. 59, 1:14-15.) According to Plaintiff, the U.S. Marshal's Office is to remain the levying officer.

For the reasons set forth below, Plaintiff's request is denied without prejudice.

## II. DISCUSSION

The execution of final judgments is governed by Rule 69(a) of the Federal Rules of Civil Procedure. Rule 69(a) provides as follows:

> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
> . . .

Fed. R. Civ. P. 69(a). Pursuant to Rule 69(a), post-judgment enforcement proceedings must comply with California law. *Credit Suisse v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 130 F.3d 1342, 1344 (9th Cir. 1997); *Hilao v. Estate of Marcos*, 95 F.3d 848, 850 (9th Cir. 1996).

Under California law, a registered process server may levy under a writ of execution on property specified in California Code of Civil Procedure § 699.080(a). A registered process server is a person registered as a process server pursuant to the Business and Professions Code. *See* Cal. Civ. Pro. Code § 481.250 (citing Cal. Bus. & Prof. Code § 22350 to 22360). This authority is limited to cases where the levy does not involve the possibility of taking immediate possession of the property.

Plaintiff's request is insufficient in three respects. First, Rezak-Meyer Attorney Service appears to be a processing service company located in Southern California, but Plaintiff has failed to provide any information regarding a specific individual at Rezak-Meyer who is a registered process server for purposes of court-appointment. Second, Plaintiff's request consists of a two-page document signed by counsel under penalty of perjury with no cited legal authority under which the appointment is sought other than Federal Rule of Civil Procedure 4(c). Finally, the request is unsupported by a declaration or supplemental information evidencing the registration of a particular process server to be appointed.

On May 1, 2014, Plaintiff was ordered to file a supplemental brief and declaration to cure these deficiencies in its request, but it failed to do so. (Doc. 60.) Thus, Plaintiff's request for the appointment of a process server is denied without prejudice.

### III.  CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's request is insufficient and Plaintiff has failed to remedy the defects in its request for the appointment of a process server. Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for appointment of a process server is denied without prejudice.

IT IS SO ORDERED.

Dated:  **June 3, 2014**                                **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE